IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAEANN HORAK,                            )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )   Civil Action No. 14-1510
                                         )
CAROLYN W. COLVIN,                       )
ACTING COMMISSIONER OF                   )
SOCIAL SECURITY,                         )
                                         )
                    Defendant.           )

MEMORANDUM AND ORDER OF COURT

AND NOW, this  30th  day of March, 2016, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, denied. The Commissioner's decision of February 26, 2013, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to *sentence 4* of 42 U.S.C. §405(g).

A reviewing court is bound to the Commissioner's findings of fact if they are supported by substantial evidence even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by the substantial evidence standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting* Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (*quoting* Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed her applications for disability insurance benefits and supplemental security income on August 2, 2011, alleging a disability onset date of February 12, 2001, due to, *inter alia*, polycystic kidney disease.[1] Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on January 14, 2013, at which plaintiff, represented by counsel, appeared and testified. At the hearing, plaintiff amended her alleged onset date to August 2, 2011. (R. 262). On February 26, 2013, the ALJ issued a decision finding that plaintiff is not disabled within the meaning of the Act.[2] On September 17, 2014, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

---

[1] Polycystic kidney disease is a disorder that affects the kidneys and other organs. Clusters of fluid-filled sacs, called cysts, develop in the kidneys and interfere with their ability to filter waste products from the blood. The growth of cysts causes the kidneys to become enlarged and can lead to kidney failure. Frequent complications of polycystic kidney disease include dangerously high blood pressure (hypertension), pain in the back or sides, blood in the urine (hematuria), recurrent urinary tract infections, kidney stones, and heart valve abnormalities. Additionally, people with polycystic kidney disease have an increased risk of aneurysms. https://ghr.nlm.nih.gov/condition/polycystic-kidney-disease.

[2] Because plaintiff had acquired sufficient coverage to remain insured only through June 30, 2002, her amended onset date of August 2, 2011, renders her ineligible for disability insurance benefits under Title II of the Act. (R. 12; 20). Plaintiff is not contesting her ineligibility for Title II benefits, but is challenging the ALJ's denial of her application for supplemental security income under Title XVI.

Plaintiff was 44 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). She has at least a high school education and has past relevant work experience as a packager on an assembly line, but she has not engaged in any substantial gainful activity since her amended alleged onset date of August 1, 2011.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of polycystic kidney disease ("PKD"), depression and mood disorder, those impairments, alone or in combination, do not meet or medically equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the light exertional level but with the following limitations: "occasional climbing, balancing, stooping, kneeling, crouching and crawling; no hazards such as heights, moving machinery or open flames; simple, routine, repetitive unskilled rote-type tasks; stable work process; and likely to be off-task no more than 10% of the workday due to pain." (R. 17). Taking into account these restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including laundry folder, sorter and ticket taker. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Thus, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; *see* Barnhart v. Thomas, 540 U.S. 20 (2003).

Here, the narrow issue before the court is whether the ALJ properly evaluated the credibility of plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms of PKD. Because the court believes that the ALJ did not adequately address plaintiff's specific statements regarding <u>intermittent</u> debilitating pain occurring every few weeks, this case will be remanded in order to allow the ALJ to explain her reasoning more fully.

---

[3] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.3d at 432; 20 C.F.R. §416.920a.

The standards by which the ALJ is to evaluate a claimant's statements regarding her symptoms[4] are set forth in the Regulations at 20 C.F.R. §416.929. *See also* SSR 96-7p. The Regulations instruct the ALJ "to consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. §416.929(a). When the existence of a medically determinable impairment that reasonably could be expected to produce the symptoms alleged has been established, "the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." SSR 96-7p. This requires the ALJ to make a finding about the credibility of the individual's statements about the symptoms and their functional effects on her ability to work. Id.

It is well-settled that the ALJ is required to give significant weight to a claimant's subjective complaints and alleged functional limitations when those allegations are supported by competent medical evidence and, in fact, must give "serious consideration" to those complaints even if they are not fully confirmed by the objective medical evidence. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir.1999); Mason v. Shalala, 994 F.2d 1058, 1067-68 (3d Cir.1993). Where a claimant's testimony concerning pain is reasonably supported by medical evidence, the ALJ may not discount the claimant's pain without contrary medical evidence. Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir.1985); Chrupcala v. Heckler, 829 F.2d 1269, 1275-1276 (3d Cir.1987).

---

[4] "Symptoms" are defined as the claimant's "own description of your physical or mental impairment." 20 C.F.R. §416.928(a).

An ALJ's conclusions as to the credibility of a claimant's subjective complaints generally are entitled to great deference and should not be discarded lightly, given the ALJ's opportunity to observe the claimant's demeanor. Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003). However, in rejecting subjective complaints of pain or other limitations, an ALJ must specify the reasons for rejecting them and the conclusion must be supported with medical evidence in the record. Sternberg v. Commissioner of Social Security, 438 Fed Appx 89, 96 (3d Cir. 2011)(*quoting* Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir.1990). The ALJ's reasons must be grounded in the evidence and must be sufficiently specific to indicate which evidence has been rejected and which has been relied upon as the basis for the finding. Schaudeck, 181 F.3d at 433 (ALJ's "rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work.").

Here, plaintiff alleges constant pain arising from her PKD which intensifies every couple of weeks due to the bursting of cysts on her kidneys, rendering her unable to function for 2 to 4 days at a time. (R. 36-39). While acknowledging plaintiff's assertions that she "has been incapacitated by chronic pain and has episodes of frequent exacerbated pain," the ALJ found that "the record does not support her assertions that her pain is constant or that she is frequently ill." (R. 18). Accordingly, the ALJ concluded that although plaintiff's impairments "could reasonably be expected to cause some degree of the alleged symptoms, [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 19).

Upon review, the court believes that the ALJ's credibility rationale is not sufficiently specific to indicate why she is rejecting plaintiff's testimony that she has disabling intermittent

&AO 72
(Rev. 8/82)

pain occurring every few weeks which renders her unable to function for a few days at a time. In rejecting plaintiff's subjective statements regarding her symptoms, the ALJ cited plaintiff's infrequent medical treatment and her wide range of activities. (R. 18-19). However, while these explanations adequately may refute plaintiff's allegations of <u>constant</u> debilitating pain, neither of these reasons specifically address plaintiff's testimony about her recurring intermittent exacerbated pain.

As to plaintiff's infrequent medical treatment, the ALJ noted that plaintiff sees her nephrologist no more than once or twice a year for routine check-ups and she does not see her primary care physician "with any more regularity." (R. 18). However, "courts have questioned the relevance of infrequent medical visits in determining when or whether a claimant is disabled." Newell, 347 F.3d at 547. Moreover, SSR 96-7p states that an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."

Here, plaintiff testified that her reason for not seeking medical treatment every time she has a flare-up of exacerbated pain is because there is "nothing I can do" for the increased pain apart from bed rest and taking Vicodin. (R. 37-42). While the ALJ was not required to accept plaintiff's testimony in this regard, she was under an obligation to address it specifically and sufficiently explain, with reference to the medical evidence, why she was rejecting plaintiff's allegations as to her need for bed rest every two weeks.

Similarly, the ALJ does not adequately explain how plaintiff's "wide range of activities" refutes her complaints of <u>intermittent</u> disabling pain. The activities cited by the ALJ

AO 72
(Rev. 8/82)

include going out of town on several trips, helping plan a graduation party for her daughter, visiting her mother, shopping at Wal-Mart, and "looking into" volunteering at an animal shelter. (R. 19).

However, it is well-settled that sporadic and transitory activities of daily living cannot be used to show an ability to engage in substantial gainful activity. Fargnoli, 247 F.3d at 40, n.5. Moreover, the ability to engage in substantial gainful activity means the ability "to perform work on a regular and continuing basis, *i.e.*, 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96–7p. In this case, merely because plaintiff is able to engage in activities such as those cited by the ALJ *when her pain is not as severe* does not necessarily refute her testimony that she has intermittent debilitating pain flare-ups every couple of weeks for two to three days at a time.

Because the ALJ failed to explain sufficiently her rejection of plaintiff's statements regarding intermittent disabling pain, her credibility analysis is not supported by substantial evidence. As a result, this case must be remanded to the Commissioner pursuant to sentence 4 of §405(g) in order for the ALJ to explain more fully her rationale, supported by medical evidence, for rejecting plaintiff's allegations.[5]

---

[5] Because this court is reversing the ALJ's decision and remanding this case to the Commissioner solely on the record that was made before the ALJ, pursuant to sentence four of §405(g), the court need not address plaintiff's argument that she is entitled to a remand under sentence 6 of §405(g) based on new and material evidence that was not, for good cause, previously presented to the ALJ. *See* Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001)(summarizing the options available to the district court when the Appeals Council has denied review on a social security claim). In reviewing this case, the court has not considered the purported "new and material" evidence submitted by plaintiff and makes no determination as to whether it would have entitled plaintiff to a remand under sentence 6 had the ALJ's decision been found to have been supported by substantial evidence under section 4 review.

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

s/Gustave Diamond<br>
Gustave Diamond<br>
United States District Judge

cc: Stella L. Smetanka, Esq.
Neighborhood Legal Services Association
928 Penn Avenue
Pittsburgh, PA 15222

Michael Colville
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219